# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,  

v.  

Lloyd Gage_____, Defendant.

Case Number CR 12-0276-JSW (NC)

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 8, 2012. Defendant was present, represented by his attorney Elizabeth Falk, Assistant Federal Public Defender. The United States was represented by Assistant U.S. Attorney Randy Luskey. Neither party called any witnesses or introduced any documents into evidence. Both parties presented information through attorney proffers.

## PART I. PRESUMPTIONS APPLICABLE

/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ / There is probable cause based upon the complaint to believe that the defendant has committed an offense

    A.   __     for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

    B.   __     under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/X/ No presumption applies.

## PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE

/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

Thus, the burden of proof shifts back to the United States.

## PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

## PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report and two addendums, which were not objected to by either party. The Court determines that the following facts establish by clear and convincing evidence that the defendant is a danger to any other person and the community (§ 3142(g)): defendant's criminal history, which includes convictions for misdemeanor participation in a criminal street gang and felony cocaine possession with intent to sell; arrests and dismissed charges for contempt of court, evading peace officer, assault with firearm, and battery; multiple juvenile charges; defendant's gang membership was not refuted at the hearing; defendant has one previous probation violation, and was on supervised probation at the time of the present offense. Furthermore, defendant has no current or previous documented employment. As to the weight of the evidence, while the defendant is presumed innocent of the charge against him, the government presented evidence that Gage possessed a firearm in a vehicle he was driving. Finally, the government presented circumstantial evidence that the defendant was a participant (but did not present direct evidence that the defendant was the shooter) in a drive-by shooting into a residence that took place on February 11, 2012. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**PART V.  DIRECTIONS REGARDING DETENTION**

       The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**NOTE:** The Court separately GRANTED an unopposed motion by the defendant that he be temporarily released on a $75,000 unsecured bond, co-signed by two custodians and two additional sureties, so that he may support the birth of his child, forecast for June 19.  That release, effective June 14, 2012, or as otherwise ordered by the Court, is documented by a separate release order.

Dated:   June 8, 2012

NATHANAEL COUSINS
United States Magistrate Judge

AUSA \_\_\_, ATTY \_\_\_\_\_, PTS \_\_\_\_